# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENIA AZALI RUGGERI,<br>   Plaintiff,<br><br>v.<br><br>BRUCE PAULIN, Director of the<br>Oklahoma City Field Office of the<br>Citizenship and Immigration Services;<br>KIRSTJEN NIELSEN, Secretary of the<br>Department of Homeland Security; and<br>ROBERT TROESTER, First Assistant<br>United States Attorney for the Western<br>District of Oklahoma,<br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-18-1147-PRW |

**ORDER**

Defendants seek summary judgment arguing that Plaintiff cannot satisfy the requirements for naturalization because her prior conviction under 21 O.S. § 1287(A) is an aggravated felony for purposes of 8 U.S.C. § 1101(f)(8) and therefore prohibits her as a matter of law from demonstrating the requisite "good moral character."[1] The motion was heard on November 4, 2019, and is denied for the reasons given below.

*Background*

Plaintiff has been a permanent resident of the United States since 1994.[2] Recently, she wanted to become a United States citizen, so she applied to the United States

---

[1] *See* Defs.' Mot. for Summ. J. (Dkt. 6).

[2] Pet. for Review of the Denial of Appl. for Naturalization (Dkt. 1) ¶ 4, at 3.

Citizenship and Immigration Services for naturalization.[3] USCIS denied her application, alleging[4] that she had been convicted of an aggravated felony described in 18 U.S.C. § 924(b) that precludes her from demonstrating the requisite "good moral character" for naturalization.[5] Plaintiff then filed this action pursuant to 8 U.S.C. § 1421(c) seeking de novo review of USCIS's denial. Defendants seeks summary judgment on the basis that no material facts are in dispute and Plaintiff's prior conviction of an aggravated felony means as a matter of law she cannot demonstrate good moral character. While Plaintiff agrees that the material facts cited by Defendants are not in dispute,[6] she does not believe that her prior conviction is an aggravated felony; thus, Plaintiff asserts summary judgment is inappropriate and she is entitled to a hearing at which she can attempt to demonstrate the requisite good moral character.[7]

## *Legal Standard*

### **Summary Judgment**

Summary judgment is a judicial efficiency-promoting mechanism used to "isolate and dispose of factually unsupported claims or defenses . . . ."[8] A motion for summary judgment must be granted "if the movant shows that there is no genuine issue as to any

---

[3] *Id.* ¶ 1, at 1.
[4] Plaintiff was convicted of violating 21 O.S. § 1287(A).
[5] Pet. for Review of the Denial of Appl. for Naturalization (Dkt. 1) ¶ 18, at 6.
[6] Plaintiff also asserts two additional "material facts," but these are really just conclusions of law.
[7] *See* Pl.'s Resp. in Opp. To Defs.' Mot. for Summ. J. (Dkt. 7).
[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

material fact and the movant is entitled to judgment as a matter of law."[9] In this assessment, the Court views "the facts and evidence in the light most favorable to the nonmoving party."[10]

**Naturalization**

An alien may be naturalized if she has lawfully resided in the United States for at least five years, meets certain physical presence requirements, and ". . . has been and still is a person of good moral character."[11] In determining whether an alien "has sustained the burden of establishing good moral character . . . , the Attorney General . . . may take into consideration as a basis for such determination the [alien's] conduct and acts at any time prior to [the five years preceding filing]."[12] A finding of good moral character is prohibited for any person who has been convicted of an aggravated felony,[13] which includes any firearm-related federal, state, or foreign offense described in 18 U.S.C. § 924(b).[14]

The categorical approach is used to assess whether a state offense like 21 O.S. § 1287(A) qualifies as an aggravated felony for purposes of naturalization.[15] Under this

---

[9] Fed. R. Civ. P. 56(a); *see Baros v. Advantage Logistics USA W., LLC*, 414 F. App'x 130 (10th Cir. 2011).

[10] *Clay v. United Parcel Serv., Inc.*, 599 F. App'x 334, 335 (10th Cir. 2015).

[11] 8 U.S.C. § 1427(a).

[12] *Id.* § 1427(e).

[13] *Id.* § 1101(f)(8).

[14] *Id.* § 1101(a)(43)(E)(ii).

[15] *See Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013); *United States v. Almanza-Vigil*, 912 F.3d 1310, 1317 (10th Cir. 2019); *see, e.g.*, *Nieto Hernandez v. Holder*, 592 F.3d 681, 686 (5th Cir. 2009). At the motion hearing held on November 4, 2019, all parties agreed that this is the appropriate approach to use in this case.

approach, the Court looks "'not to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony."[16] A categorical match exists only if the state offense "necessarily includes the generic federal offense."[17] In this assessment, the Court presumes that the state conviction rested on the least of the acts criminalized, and then determines "whether that conduct would fall within the federal definition of the crime."[18] This means that a state statute is a categorical match only if the elements of the state statute are the same as, or narrower, than those of the corresponding federal offense.[19] Thus, when a statute has an indivisible set of elements, the application of the categorical approach is simple: line up the elements and see if they match.[20]

*Analysis*

If Defendants are correct that Plaintiff's prior conviction is an "aggravated felony," then summary judgment is appropriate because Plaintiff is statutorily barred from naturalization. But if Defendants are not correct, then Plaintiff is entitled to a hearing at which she can attempt to demonstrate her good moral character.

---

[16] *Moncrieffe*, 569 U.S. at 190 (quoting *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)); *Bedolla-Zarate v. Sessions*, 892 F.3d 1137, 1140 (10th Cir. 2018).

[17] *Almanza-Vigil*, 912 F.3d at 1317 (internal quotation marks omitted); *see Mathis v. United States*, 136 S. Ct. 2243, 2257 (2016) (quoting *Johnson v. United States*, 559 U.S. 133, 137 (2010)).

[18] *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1568, (2017).

[19] *See Mathis*, 136 S. Ct. at 2257; *Almanza-Vigil*, 912 F.3d at 1317.

[20] *See id.*

Applying the categorical approach, the state statute, 21 O.S. § 1287(A), criminalizes more conduct than does the corresponding federal statute, 18 U.S.C. § 924(b). First, the actus reus of the state statute is broader than that of the corresponding federal statute. The former requires the actor to possess, while the latter requires the actor to ship, transport, or receive. As the government points out, to ship, transport, or receive an item necessarily requires one to possess it.[21] But under the state statute, a conviction may rest on possession independent of shipping, transporting, or receiving an item. Thus, the simple possession necessary to satisfy 21 O.S. § 1287(A) may not be enough to satisfy the actus reus of shipping, transporting, or receiving required by 18 U.S.C. § 924(b).[22]

Second, the state statute criminalizes the possession of more things than does the corresponding federal statute. Unlike the federal statute, which criminalizes only the possession of firearms or ammunition, the state statute criminalizes the possession of *any offensive weapon*, including rifles, toy pistols, knives, gas-filled weapons, and metal knuckles, to name a few.[23] Accordingly, a party can violate the state statute with conduct not criminalized by the federal statute.

---

[21] *See* Defs.' Mot. for Summ. J. (Dkt. 6) at 12–13.

[22] The Court is unaware of, and Defendants do not flag, any binding precedent holding that such possession satisfies the actus reus of 18 U.S.C. § 924(b). Even if it does, however, and the element of "possession" in the state statute matches the element of "ship, transport, or receive" in the corresponding federal statute, the remaining elements do not match as explained in the following paragraphs.

[23] 21 O.S. § 1287(A).

Third, the state statute merely requires general intent, as it does not specify a mens rea as to how the offensive weapon will be used.[24] The federal statute, on the other hand, requires a specific intent to commit a felony or knowledge or reasonable cause to believe a felony will be committed with the firearm or ammunition while the party is shipping, transporting, or receiving the item. Again, the state statute criminalizes more conduct than that criminalized by the federal statute.

All of these differences support the conclusion of the Court that the state statute is not "described in" the federal statute and cannot be a categorical match.[25] Plaintiff's prior conviction of 21 O.S. § 1287(A) is thus not a categorical match to 18 U.S.C. § 924(b) and not an aggravated felony that prohibits her from demonstrating the requisite good moral character for naturalization. Accordingly, a genuine issue of material fact remains as to whether Plaintiff has the requisite good moral character for naturalization.

Defendants' arguments to the contrary are based on their misreading of caselaw. Although Defendants initially conceded in the hearing that the categorical approach is applicable to this case, they later reverted to positions taken in their briefing urging the Court to adopt an alternative approach that looks to the actual acts committed by Plaintiff to determine whether her conduct violated the relevant federal statute (which, of course, is the antithesis of the categorical approach). Defendants rely on *Torres v. Lynch,* 136 S. Ct.

---

[24] *See United States v. Lynch*, 881 F.3d 812, 815 (10th Cir. 2018) (quoting *United States v. Jackson*, 248 F.3d 1028, 1030 (10th Cir. 2001)) ("Where specific intent is not required, criminal statutes are usually read to require 'only that a defendant know the facts that make his conduct illegal.'").

[25] *See United States v. Sandoval-Barajas*, 206 F.3d 853, 856 (9th Cir. 2000).

1619 (2016), to support this assertion, implying that *Torres* eliminated the categorical approach and now allows courts to look at the actual acts committed by Plaintiff. But the holding of *Torres* is simple: a state offense that categorically matches a corresponding federal offense except that it is missing an interstate commerce element nevertheless counts as an aggravated felony for purposes of naturalization.[26] It in no way changes this Court's duty to apply the categorical approach in this case, nor does it require the categorical approach to be applied differently.

*Conclusion*

For the reasons set forth above, Defendants' Motion for Summary Judgment (Dkt. 6) is **DENIED**.

**IT IS SO ORDERED this 18th day of November, 2019.**

                                              PATRICK R. WYRICK
                                              UNITED STATES DISTRICT JUDGE

---

[26] *Torres*, 136 S. Ct. at 1634.